**IN THE COURT OF APPEALS OF IOWA**

No. 3-250 / 12-0685
Filed July 30, 2014

**STATE OF IOWA,**
      Applicant-Appellee,

**vs.**

**KEVIN WILLIAM SCOTT JR.,**
      Respondent-Appellant.
_____

Appeal from the Iowa District Court for Polk County, Richard G. Blane II, Judge.

An offender convicted of first-degree robbery, committed as a juvenile, appeals his mandatory minimum sentence as cruel and unusual punishment under the Iowa Constitution. **CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED FOR RESENTENCING.**

Elena Greenberg of Greenberg Law, Des Moines, for appellant.

Thomas J. Miller, Attorney General, Elisabeth S. Reynoldson, Assistant Attorney General, John Sarcone, County Attorney, and Jaki Livingston and Michael Salvner, Assistant County Attorneys, for appellee State.

Considered by Vaitheswaran, P.J., and Tabor and Mullins, JJ.

**VAITHESWARAN, P.J.**

Kevin William Scott Jr. pled guilty to first-degree robbery in connection with a crime that was committed when he was sixteen years old. The district court sentenced him to serve a prison term not exceeding twenty-five years with a mandatory minimum of seventy percent.

On appeal, Scott argues that his sentence was unconstitutional. In *State v. Lyle*, ___ N.W.2d ___, ___, 2014 WL 3537026, at *21 (Iowa 2014), the Iowa Supreme Court held mandatory sentences for juveniles unconstitutional under the cruel and unusual punishment provision of the Iowa Constitution. That opinion is controlling. Based on *Lyle*, we vacate Scott's sentence and remand the case for resentencing under the standards set forth in *Lyle*.

Scott also claims his plea attorney was ineffective in failing to advise him that a guilty plea would preclude an appeal from a ruling denying his motion to waive jurisdiction to juvenile court. We find the record inadequate to address this issue and preserve it for postconviction proceedings. *See State v. Biddle*, 652 N.W.2d 191, 203 (Iowa 2002) (noting we generally preserve ineffective-assistance-of-counsel claims for postconviction relief proceedings "where an adequate record of the claim can be developed and the attorney charged with providing ineffective assistance may have an opportunity to respond to defendant's claims").

**CONVICTION AFFIRMED, SENTENCE VACATED, AND REMANDED FOR RESENTENCING.**